O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BRIAND WILLIAMS,<br><br>    Petitioner,<br><br>    v.<br><br>LEROY D. BACA, et al.,<br><br>    Respondent. | Case No. CV 12-3018-JVS (MLG)<br><br>ORDER DENYING CERTIFICATE OF APPEALABILITY |

    Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the petitioner. Because jurists of reason would not find it debatable whether this Court was correct in its ruling dismissing the petition, a COA is denied.

    Before Petitioner may appeal the Court's decision dismissing his petition, a COA must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). The Court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).

1    The court determines whether to issue or deny a COA pursuant to
2 standards established in *Miller-El v. Cockrell*, 537 U.S. 322 (2003);
3 *Slack v. McDaniel*, 529 U.S. 473 (2000); and 28 U.S.C. § 2253(c). A COA
4 may be issued only where there has been a "substantial showing of the
5 denial of a constitutional right." 28 U.S.C. § 2253 (c)(2); *Miller-El*,
6 537 U.S. at 330. As part of that analysis, the Court must determine
7 whether "reasonable jurists would find the district court's assessment
8 of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at
9 484, See also *Miller-El*, 537 U.S. at 338.
10   In *Silva v. Woodford*, 279 F.3d 825, 832-33 (9th Cir. 2002), the
11 court noted that this amounts to a "modest standard". (Quoting
12 *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000)). Indeed,
13 the standard for granting a COA has been characterized as "relatively
14 low". *Beardlee v. Brown*, 393 F.3d 899, 901 (9th Cir. 2004). A COA
15 should issue when the claims presented are "adequate to deserve
16 encouragement to proceed further." *Slack*, 529 U.S. at 483-84,
17 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)); see also
18 *Silva*, 279 F.3d at 833. If reasonable jurists could "debate" whether
19 the petition could be resolved in a different manner, then the COA
20 should issue. *Miller-El*, 537 U.S. at 330.
21   Under this standard of review, a COA should be denied. In
22 dismissing the petition for writ of habeas corpus, this Court found,
23 for the reasons articulated in the Magistrate Judge's Report and
24 Recommendation, that Petitioner is not entitled to federal
25 intervention into his pending state court criminal proceedings and
26 that abstention was warranted. *Younger v. Harris*, 401 U.S. 37, 46
27 (1971). Petitioner cannot make a colorable claim that jurists of
28 reason would find debatable or wrong the decision dismissing the

1 | petition without prejudice. Thus, petitioner is not entitled to a COA.
2 |     Therefore, pursuant to 28 U.S.C. § 2253, the Court DENIES a
3 | certificate of appealability.
4 | Dated: _____5-15-12_____

*/s/ James V. Selna*
James V. Selna
United States District Judge

Presented By:

*/s/ Marc L. Goldman*
Marc L. Goldman
United States Magistrate Judge